**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**WONDER WILLIAMS,**

                **Plaintiff,**                **9:15-cv-1278
                                                                (GLS/ATB)**

       v.

**CAPTAIN B. CHUTTEY et al.,**

                **Defendants.**
_____

**APPEARANCES:**                       **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Wonder Williams
Pro Se
10-A-0102
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN    NICOLE E HAIMSON
New York State Attorney General    Assistant Attorney General
The Capitol
Albany, New York 12224

**Gary L. Sharpe
Senior District Judge**

# ORDER

     On September 5, 2017, Magistrate Judge Andrew T. Baxter filed a

Report-Recommendation (R&R), which recommends that defendant's

motion for summary judgment, (Dkt, No. 34), be granted, (Dkt. No. 42 at 31).  Pending before the court are Williams' objections to the R&R.  (Dkt. No. 43.)

Williams' objections, which consist of both generalized grievances and specific arguments as to why Judge Baxter's recommendation is incorrect, (*id.*), have been carefully reviewed.  Although the majority of Williams' memorandum rehashes different iterations of arguments previously made, thus classifying as general objections and triggering review for clear error only, Williams arguably raises specific objections regarding the standard of review that require the court to consider the arguments *de novo*.  See *Almonte v. N.Y.S. Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at *5-6 (N.D.N.Y. Jan. 18, 2006).

First, Williams objects to Judge Baxter considering an issue—whether a liberty interest was affected—that was not raised by the parties and which Williams alleges was not in dispute.  (Dkt. No. 43 at 3-4.) However, Judge Baxter's analysis of this legal issue did not affect his subsequent analysis of the specific procedures used, which alternatively provided independent grounds to dismiss the complaint.  (Dkt. No. 42 at 13.)

2

Next, Williams disagrees with Judge Baxter's findings by rehashing different iterations of the arguments previously made in his opposition memorandum.  (*See, e.g.*, Dkt. No. 40 at 11-22.)  Essentially, Williams uses his previous arguments to bolster his claim that Judge Baxter applied the incorrect amount of deference at the summary judgment stage.  For instance, Williams disagrees with the court's finding of issues that are not in dispute and inferences that are not drawn in his favor.  (*See, e.g.*, Dkt. No. 43 at 6-7, 11-12.)  However, Judge Baxter applies the correct motion for summary judgment standard throughout his analysis in reaching his determination that defendants are entitled to judgment as a matter of law.  (Dkt. No. 42 at 7-8.)  Defendants sufficiently demonstrated that there is no genuine dispute as to any material fact, and Judge Baxter correctly determined that Williams had not offered specific evidence to demonstrate a genuine dispute over a material fact that would allow a reasonable jury to return a verdict for him.  See *Wagner v. Swarts*, 827 F. Supp. 2d 85, 92 (N.D.N.Y. 2011), *aff'd sub nom. Wagner v. Sprague*, 489 F. App'x 500 (2d Cir. 2012).  Specifically, notwithstanding the fact that the court must draw all inferences and resolve all ambiguities in his favor, Williams' arguments involve disputes that are not genuine and facts that are not material.  (*See,*

3

*e.g.*, Dkt. No. 43 at 6-18.)

In conclusion, after carefully considering the R&R in light of Williams' objections, the court sees no reason to further elaborate on what is said there in conducting a *de novo* review because this court reaches the same conclusions as those reached by Judge Baxter.  Accordingly, the R&R, (Dkt. No. 42), is adopted in its entirety.

Accordingly, it is hereby

**ORDERED** that the Report-Recommendation and Order (Dkt. No. 42) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendant's motion for summary judgment (Dkt. No. 34) is **GRANTED** and the complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk is directed to close this case; and it is further

**ORDERED** that the clerk provide a copy of this Order to the parties in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

March 21, 2018
Albany, New York

Gary L. Sharpe
U.S. District Judge